XAVIER STIERLE, Appellant, v. THE UNION RAILWAY COMPANY of New York City, Respondent.*

NEGLIGENCE — STREET RAILROAD — INJURY TO PASSENGER FROM OPERATION OF HORSE CAR — DEGREE OF CARE. In an action against a street railroad company for an injury to a passenger on a horse car, the plaintiff claimed that the injury was caused by the negligent manner in which the driver attempted to move or switch the car from one track to the other, in order to cross a bridge then being repaired and permitting the use of only one track. *Held*, that, under the particular circumstances, the defendant was only liable for the failure of the driver to use that skill and care which would be required of an ordinarily careful and prudent man, and that the rule, that a railroad company in carrying passengers is bound to exercise all the care and skill which human prudence and foresight can suggest to secure the safety of its passengers, was not applicable.

*Stierle* v. *Union Railway Co.*, 13 Misc. Rep. 134, affirmed.

(Argued April 28, 1898; decided May 10, 1898.)

APPEAL from an order of the General Term of the late Court of Common Pleas for the city and county of New York, entered July 8, 1895, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Leopold Leo* for appellant. In respect to the carriage of passengers, a common carrier is bound to exercise all the care and skill which human care and foresight can suggest to secure their safety. (*Maverick* v. *Eighth Ave. R. R. Co.*, 36 N. Y. 378; *Coddington* v. *Brooklyn C. T. R. R. Co.*, 102 N. Y. 66; *Hastings* v. *Central C. T. R. R. Co.*, 7 App. Div. 312;

* See opinion on denial of motion for reargument, 156 N. Y. 684.

*Bowen* v. *N. Y. C. R. R. Co.*, 18 N. Y. 408 ; *Morris* v. *N. Y. C. & H. R. R. R. Co.*, 106 N. Y. 678 ; *Barrett* v. *Third Ave. R. R. Co.*, 45 N. Y. 628 ; *Loftus* v. *Union Ferry Co. of B.*, 84 N. Y. 455 ; *Carroll* v. *Staten Island R. R. Co.*, 58 N. Y. 126 ; *Palmer* v. *D. & H. C. Co.*, 120 N. Y. 170 ; *Hurley* v. *N. Y. & B. B. Co.*, 13 App. Div. 167 ; *Lansing* v. *C. I. & B. R. R. Co.*, 16 App. Div. 146 ; *Birmingham* v. *R. C. & B. R. R. Co.*, 59 Hun, 583 ; *Christie* v. *Griggs* [N. P.], 2 Camp. 79 ; *Astor* v. *Heavon*, 2 Esp. 533 ; *Hyman* v. *Nye*, L. R. [6 Q. B. Div.] 685 ; *Ingalls* v. *Bills*, 50 Mass. [9 Metc.] 1 ; *Derwort* v. *Loomer*, 21 Conn. 245 ; *Stockton* v. *Frey*, 4 Gill [Md.], 406 ; *Fairchild* v. *C. S. Co.*, 13 Cal. 599 ; *Taylor* v. *G. T. R. Co.*, 48 N. H. 304 ; *Warren* v. *Fitchburg R. R. Co.*, 90 Mass. 227 ; *White* v. *Fitchburg R. R. Co.*, 136 Mass. 321.)

*Henry L. Scheuerman* for respondent.    The appeal should be dismissed, there being no judgment of reversal in this case. (Code Civ. Pro. § 1318 ; *Vernon* v. *Palmer*, 67 How. Pr. 18 ; *Pharis* v. *Gere*, 112 N. Y. 408.)    The trial court erred in its charge, and the order of the General Term directing a new trial should be affirmed.    (*Unger* v. *Forty-second St., etc., R. R. Co.*, 51 N. Y. 497 ; *Palmer* v. *D. & H. C. Co.*, 120 N. Y. 170, 174 ; *Palmer* v. *Pennsylvania Co.*, 111 N. Y. 488, 492 ; *Morris* v. *N. Y. C. & H. R. R. R. Co.*, 106 N. Y. 678, 680 ; *Deyo* v. *N. Y. C. R. R. Co.*, 34 N. Y. 9 ; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 451 ; *Etherington* v. *P. P. & C. I. R. R. Co.*, 88 N. Y. 641, 643 ; *Johnson* v. *H. R. R. R. Co.*, 20 N. Y. 65 ; *Hegeman* v. *Western R. R. Co.*, 13 N. Y. 9 ; *Louisville, etc., R. Co.* v. *Weans*, 80 Ky. 420 ; *Francis* v. *N. Y. Steam Co.*, 114 N. Y. 380, 387 ; *Hastings* v. *Central C. T. R. R. Co.*, 7 App. Div. 312, 314 ; *Louisville & P. R. R. Co.* v. *Smith*, 2 Duval [Ky.], 556 ; *Louisville, etc., R. Co.* v. *Park*, 96 Ky. 580 ; *Dodge* v. *Boston & B. R. R. Co.*, 148 Mass. 207 ; *Taylor* v. *Railway*, 48 N. H. 304 ; *Kelly* v. *Mass. R. Co.*, 112 N. Y. 443 ; *Miller* v. *O. S. S. Co.*, 118 N. Y. 199 ; *Derwort* v. *Loomer*, 21 Conn. 245.)

GRAY, J.    This was an action to recover for personal injuries sustained by the plaintiff while a passenger upon one of the defendant's street cars.   He recovered a verdict; but, on appeal to the General Term from the judgment entered thereupon, the judgment was reversed and a new trial was ordered. From the order granting a new trial the plaintiff then appealed to this court.

The only question of law, which is presented by the record, arises upon an exception taken by the defendant to the charge of the trial judge, as made upon a request of the plaintiff. The plaintiff had claimed, as the act of negligence for which the defendant was liable to him in damages, that the car, in which he was a passenger at the time, was "suddenly, negligently and carelessly driven around a curve in the track upon which it was being moved over a switch;" whereby he was thrown from the car and sustained certain personal injuries. The controversy, upon the facts, was as to whether the accident had happened to the plaintiff, as he alleged and testified; or whether, as the defendant adduced evidence to show, he was thrown down in attempting to get off the car, while it was in motion.   In his charge to the jury the trial judge had instructed them that the duty owing to the plaintiff was, "that of reasonable care; that is, the degree of care which it is presumed that an ordinarily careful and prudent man would exercise in the circumstances by which he is surrounded * * * the degree of ordinary and reasonable care to look out for the safety of others."   At the close of his charge the plaintiff made the request, that he should charge the jury that, "in respect to carrying passengers a railroad company is bound to exercise all the care and skill which human prudence and foresight can suggest to secure the safety of their passengers."    The court so charged and the defendant excepted.

In the prevailing opinion, rendered at the General Term, upon the reversal of the judgment recovered by the plaintiff, it was held that it was error so to charge and that the instruction might have operated to the defendant's prejudice;

inasmuch as the rule declaring the measure of care required of a carrier operating a steam railroad, upon which cars are propelled with great velocity, is not necessarily applicable where the act of carriage is performed through the agency of a street car drawn by horses and that the facts shown did not appear to call for the application of any such stringent rule as that laid down.

I think that portion of the charge was erroneous, when taken in connection with the circumstances under which it was made. The jury had already been instructed that the duty owing to the plaintiff by the defendant was to exercise that reasonable care, which an ordinarily careful man would exercise under the circumstances by which he was surrounded. But when they were finally instructed, before retiring to consider their verdict, that the defendant was bound to " exercise all the care and skill which human prudence and foresight could suggest, to secure the safety of its passengers," they might reasonably infer that the obligation resting upon the defendant, with respect to the degree of care and skill to be exercised at the time of the accident, was as strict as the request made it. But that would not be the correct rule. The obligation of carriers of passengers to exercise the highest degree of care, which human prudence and foresight can suggest, only exists with respect to those results which are naturally to be apprehended from unsafe roadbeds, defective machinery, imperfect cars and other conditions endangering the success of the undertaking. (*Morris* v. *N. Y. C. & H. R. R. R. Co.*, 106 N. Y. 678; *Palmer* v. *Penn. Co.*, 111 ib. 488; *Palmer* v. *D. & H. C. Co.*, 120 ib. 170.) In every case, the degree of care to be exercised is dependent upon the circumstances and, if the accident is attributable to the existence of defects in the road, or in the mechanical appliances availed of for the operation of the railroad, by reason of which there was a possibility of loss of life or limb to the traveling public, the strict rule requiring the highest degree of care and of human skill would be applicable.

The common carrier is not an insurer of the safety of its passengers; but it is, and properly should be, bound to use its utmost skill and vigilance to guard against the possibility of accidents from the condition of its road and of the machinery used in the transportation of passengers. In this case the plaintiff, if he was to be believed, was injured because of the alleged negligent manner in which the driver of the car attempted to move or switch his car from one track to the other, in order to cross the Harlem River bridge; then being repaired and permitting the use of only one track. Under those circumstances, the defendant was only liable for the failure of the driver to use that skill and care which would be required of an ordinarily careful and prudent man. This the trial judge had correctly charged and he was in error in charging further as requested by the plaintiff; however the rule, as stated in the request, might be correct under different circumstances. Retiring to their room with this stringent instruction sounding in their ears, the jury may well have been misled by it and we cannot say that the balance of their minds was not affected by the error.

Therefore, at the General Term, a reversal was properly ordered and the order appealed from should be affirmed and, under the plaintiff's stipulation, judgment absolute should be ordered for the defendant, with costs.

All concur, except O'BRIEN and VANN, JJ., who dissent on the ground that the reason which requires the exercise of the highest degree of care by a carrier of passengers with reference to roadbed and machinery extends with equal force to the use of the roadbed and machinery in the operation of cars. There should not be a higher degree of care required in providing appliances than in using them.

Order affirmed and judgment accordingly.