testimony was too indefinite to be of the slightest value. The proof put in by way of defense left the case for the plaintiff so slightly disputed that the verdict for the defendant was against the evidence, and must therefore be set aside, and the plaintiff allowed to have a new trial upon the payment of the usual costs.

Order denying motion for new trial reversed, and new trial granted, upon appellant within 20 days paying the trial fee and disbursements of the trial; and, in case of such payment being made, the judgment appealed from is vacated. In case of the failure of the appellant to comply with the terms aforesaid, judgment and order appealed from affirmed, with costs. All concur.

KOEHNE v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. July 23, 1898.)

1. CARRIERS—DEGREE OF CARE.·
    In an action by a passenger to recover damages from a surface railway company for personal injuries resulting from a collision caused by the negligence of one or both of the motormen on two of defendant's cars, the judge charged that the defendant "was required to exercise, through its servants, a very high degree of care and skill in the operation of its cars." *Held,* no error.

2. DAMAGES—PERSONAL INJURIES.
    The plaintiff was thrown from the car, and suffered a fracture of the kneecap, and a fracture of one of the bones of the heel, and sustained a blow which produced a tumor, from which a disease of the kidneys had developed, and which, according to medical testimony, was reasonably certain to be permanent. *Held,* that a verdict for $5,000 was not excessive.

Appeal from trial term, Queens county.

Action by Minnie Koehne against the New York & Queens County Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Eugene L. Bushe, for appellant.
B. P. Stratton, for respondent.

WILLARD BARTLETT, J. The accident in which the plaintiff was injured was a collision between two trolley cars of the defendant, moving in opposite directions. The plaintiff was a passenger in an open car going from the Thirty-Fourth Street Ferry, in Long Island City, to the Lutheran Cemetery, on the right-hand track of the railroad line. At Laurell Hill, the motorman, being informed that there was a derailed car ahead, switched his car over to the left-hand track. This track was used by cars going towards the ferry, and, under the circumstances, he must have expected, in the exercise of a reasonable foresight, to meet one of these cars on its way down. He actually did meet such a car, and by reason of his carelessness, or that of the motorman on the other car, or both combined, the collision occurred which, as the jury have found, threw the plaintiff into the street, and inflicted injuries, for which they have awarded her the sum of $5,000.

The most important exception in the case relates to the instructions given by the learned trial judge to the jury in respect to the degree of care which the defendant was bound to exercise under the circumstances. The jury were told that, while the defendant did not insure the plaintiff against all hazards incident to her transportation as a passenger, "it was required to exercise, through its servants, a very high degree of skill to see to it that no injury resulted." At the conclusion of the charge, the counsel for the defendant took an exception to the foregoing instruction, to the effect that the defendant must exercise a high degree of skill; whereupon the court remarked: "Care, I meant.   I meant care and skill in the operation of its cars." It is insisted in behalf of the appellant that the rule as thus laid down is in conflict with the recent decision of the court of appeals in Stierle v. Railway Co., 156 N. Y. 70, 50 N. E. 419.   There is no doubt that the first opinion in that case did give rise to a very general impression in the legal profession that the rule imposing the highest degree of care upon common carriers for the protection of their passengers had been limited in its application so as to confine it to the maintenance of the roadbed, engines, cars, and other appliances of a railway corporation, and that it was not to be applied to the conduct of the agents and servants of the corporation in the operation of the road.   That this view of the decision was erroneous, however, has been made plain by the court of appeals itself in the opinion delivered upon the motion for a reargument.   50 N. E. 834.   In this opinion, Judge Gray expressly declares that the court has not changed any rule of care applicable to carriers of passengers, and affirms the correctness of the decisions in Maverick v. Railroad Co., 36 N. Y. 378, and Coddington v. Railroad Co., 102 N. Y. 66, 5 N. E. 797, in both of which cases it was held that the common carrier was bound to exercise the highest degree of care and prudence in the management of the vehicle in which it undertook to transport the injured passenger. In the case at bar the condition of things on the defendant's road at the time and place of the accident certainly called for the exercise of a very high degree of care on the part of the motormen in charge of the respective cars, which were rapidly approaching each other upon the same track, to avoid a collision and consequent injury to their passengers.   The charge of the learned court correctly stated the obligation of the defendant in this respect, under all the authorities.

In the recently decided case of Piper v. Railroad Co., 156 N. Y. 224, 50 N. E. 851, the court of appeals says:

"Railroad companies are not insurers of the safety of travelers. When they have done all that human skill, prudence, and foresight suggest, in the way of precautions and of a safe roadbed, of suitable passenger cars, and of such proper mechanical appliances as are required in the operation of a train, they cannot be required to do more."

In this language the learned counsel for the appellant finds further confirmation of his idea that the rule of highest care is no longer to be applied to the operation of a railroad.   But the passage quoted must be read in reference to the general subject-matter of the opinion; and, so read, it cannot be fairly understood as denying or in any manner questioning the obligation of a railroad company to exercise

the utmost care and prudence to avoid injuring its passengers by collisions between the cars or trains in which it is transporting them.

The only other point which requires discussion is the proposition that the damages were excessive. According to the evidence introduced in behalf of the plaintiff, she suffered a fracture of the knee-cap, a fracture of one of the bones of the heel, and sustained a blow which produced a tumor in the abdominal region, from which a disease of the kidneys has developed. At the time of the trial, about six months after the accident, this tumor still existed, and medical testimony was given to the effect that it was reasonably certain to be permanent. The court, however, after receiving considerable evidence as to the probable future consequences of the injury, struck it all out, of its own motion, and instructed the jury that this proof had been taken away from their consideration because the permanency of the injuries had not been pleaded, and that, therefore, it was not proper for them to consider whether or not they would remain with the plaintiff through the rest of her life. If the learned court was right in holding that this evidence was improperly received, the error committed in its reception was not cured by striking it out, and instructing the jury to disregard it. After hearing so much on the subject, the jury could hardly fail to be influenced by it, no matter how honestly they endeavored to throw it out of consideration. It seems to me, however, that this evidence was admissible under the complaint, and hence that defendant cannot complain that the jury gave effect to it in assessing the plaintiff's damages. In this view, the verdict cannot be deemed so large as to justify any interference with it on our part.

The judgment and order appealed from should be affirmed. All concur.