### SUSE v. METROPOLITAN ST. RY. CO. et al.

(Supreme Court, Appellate Division, First Department. February 20, 1903.)

1. CARRIERS—PASSENGER—NEGLIGENCE—STREET CAR—QUESTION FOR JURY.

Evidence in an action by a passenger on a street car for injury caused by a collision of the car with a truck examined, and *held* to present a question for the jury as to want of care on the part of the street car company.

2. SAME—INSTRUCTIONS—ANTICIPATION OF DANGER.

While plaintiff was a passenger on defendant's street car, as it was turning a corner, the rear of the car collided with a truck, and a trunk fell therefrom against a window of the car, injuring plaintiff. There was no evidence of negligence on the part of the motorman. The court instructed that if the motorman, knowing that the truck was approaching, and about to turn into the avenue, did not use that ordinary care that a man of his position should have exercised, then the plaintiff has established, by what would be known to the law as a "fair preponderance of the evidence," negligence on the part of the defendant company. *Held* error, in assuming that the mere turning of the truck into the avenue called on the motorman to anticipate that there might be a collision though there was room for them to pass safely.

3. SAME—PREPONDERANCE OF EVIDENCE.

The instruction was also erroneous in declaring, as a matter of law, what would constitute a preponderance of evidence to establish defendant's negligence.

80 N.Y.S.—33

**4. SAME—NEGLIGENCE—CAUSE OF ACCIDENT.**
The instruction also erred in stating to the jury, in effect, that the omission to exercise ordinary care on the part of the motorman would render the defendant negligent, and, by reason thereof, liable to plaintiff, even though such lack of care did not contribute to the accident.

O'Brien and Laughlin, JJ., dissenting.

Appeal from Trial Term, New York county.

Action by Leontine Suse against the Metropolitan Street Railway Company and another. From a judgment in favor of plaintiff, and from an order denying a new trial, the defendant railway company appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.
W. C. Cammann, for respondent.

McLAUGHLIN, J. The plaintiff, a passenger on one of the defendant's south-bound cars, was injured by the car colliding with a truck owned by the defendant Biglin. The collision occurred at or near the intersection of Madison avenue and Forty-Second street. The car was about 37 feet in length, and was equipped with two fenders—one in front and one in the rear; the front one at the time being down, and the rear one raised and fastened to the car. The car passed from Madison avenue into Forty-Second street on a curve which commenced over 30 feet north of the westerly curb line of Forty-Second street, and at this point the distance between the westerly rail and the westerly curb line of Madison avenue was a little over 13 feet. The rear of the car, as it passed around the curve, overhung the westerly track considerably more than did the front of it; but at no point was the space between the westerly rail and the westerly curb line of Madison avenue less than 11 feet 4 inches, which is near the commencement of the curve. From this point on, while the overhang of the rear fender increased, the track turns southerly, and by reason of that fact the distance of such overhang from the curb line also increased. At a point slightly north of the crosswalk of Madison avenue, the overhang of the rear fender reached its maximum, which was 48 inches, and it continued in that condition for a distance of something near 20 feet. At this point there was a space of 14 feet between the fender and the westerly curb line of Madison avenue. The truck with which the car collided had a width of 8 feet; that is, from hub to hub. It was equipped with a rack, upon which, at the time the collision occurred, were placed several trunks. When the car reached a point a few feet north of Forty-Second street, it was brought to a standstill for the purpose of letting passengers get on, after which a signal was given for the car to proceed; and at this time the truck, which was then about the center of Forty-Second street, had commenced to turn into Madison avenue for the purpose of taking the trunks to the Manhattan Hotel. The car proceeded slowly around the curve. The front of it passed the truck in safety, but the rear of it, or the fender, struck the truck,

and displaced one of the trunks, which, in falling, struck a window in the car, and some of the pieces of glass struck the plaintiff in the face, and inflicted the injuries of which she complains. She had a verdict of $1,800 against both the railway company and the owner of the truck, from which the railway company alone has appealed.

The appellant asks for a reversal of the judgment principally upon the ground that the evidence was insufficient to justify a finding to the effect that the collision was due to its negligence. It, having undertaken, for a consideration, to convey the plaintiff to the point of her destination, was obligated to use the highest degree of care, so far as she was concerned, to the end that she might reach there in safety; and whether or not it performed this obligation was, we think, under the facts presented, a question for the jury. It is true that, when the signal was given to the motorman to proceed with the car, he, being upon the front of it, and observing that there was room for the car to pass the truck in safety, had a right to assume that the driver of the truck, in proceeding northerly on Madison avenue, would keep away from the car, and thus prevent a collision. There was room for him to do so.. The truck, as already indicated, was only 8 feet in width, and there was a clear space between the car and the westerly line of Madison avenue of something like 14 feet. There was nothing in the street to prevent the driver from seeing the car, or to prevent his driving the truck as near the curb line of Madison avenue as he desired. Under such circumstances, we do not think it could be said that the motorman was negligent, after the front of the car had passed the truck in safety, because he did not observe how near the rear of the car, by reason of the overhang, was being brought to the truck. The motorman was stationed on the front of the car. He was obliged to observe what was taking place in front of him, and control the car accordingly, to the end that it might not injure persons in the streets, or collide with vehicles passing thereon. The rear of the car overhung the westerly track in rounding the curve much more than the front of it did, and, by reason of that fact, was brought much closer than the front end to vehicles upon the west side of Madison avenue. The appellant was just as much obligated to prevent a collision with the rear end of the car as it was with the front end, and, if it be true that the motorman's duties were such that he was required at all times to look in front of the car, then the appellant should have required the conductor, or some one on the rear, to observe that, and, if a collision were about to occur, signal to the motorman to stop; and whether the appellant performed this duty, so far as the plaintiff was concerned, we think was a question for the jury to pass upon.

We are, however, of the opinion that the judgment must be reversed for an error in the charge. The court charged the jury that:

"If you find that the motorman, knowing that this truck was approaching his car, and about to turn into Madison avenue, going north on the west side of the avenue, did not use that ordinary care and prudence that a man of his position and standing in life should have exercised, then I think the plaintiff has established, by what would be known in the law as a 'fair preponderance of evidence,' the negligence on the part of the defendant company, through its motorman, in handling the car."

The charge, as made, assumed that the mere turning of the truck into Madison avenue called upon the motorman to anticipate, notwithstanding the space between the car and the westerly curb line of Madison avenue, that there might possibly be a collision between the truck and the car, and there is nothing in the evidence which would have justified the jury in finding that the motorman might anticipate that fact. The location of the truck, the speed of the car, and the distance between it and the curb line, in no way would suggest to a person of ordinary skill and prudence that the truck, in proceeding northerly on Madison avenue, might be brought so close to the rear of the car that a collision would occur. The rule is well settled that there is no obligation on the motorman of a car propelled as this one was to take measures to avoid a collision until the peril becomes apparent. Stierle v. Union Railway Co., 156 N. Y. 70, 50 N. E. 419; Stabenau v. Atlantic Ave. R. R. Co., 155 N. Y. 511, 50 N. E. 277, 63 Am. St. Rep. 698. The jury had previously, during the course of the charge, been instructed that the plaintiff was bound to establish the appellant's negligence by a fair preponderance of evidence; and yet, in the instruction here given, the court, as a matter of law, declares what would constitute such preponderance. Not only this, but the instruction was erroneous in that the statement was made to the jury, at least in effect, that the omission to exercise ordinary care and prudence on the part of the motorman would render the appellant negligent, and by reason thereof liable, even though such lack of ordinary care and prudence did not in any way contribute to the accident itself. There is nothing to show that the motorman was negligent in this respect, but, even if that fact be assumed, it is of no importance, unless his negligence was the proximate cause of, or in some way contributed to, the accident (Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679, 44 L. R. A. 216); and under the instruction the jury could find the appellant liable for some neglect on the part of the motorman, even though his act had nothing whatever to do with the collision.

It follows, therefore, that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and INGRAHAM, J., concur in result.

O'BRIEN, J. I dissent. The plaintiff was bound to prove by a fair preponderance the negligence of the defendant. By the language used in that part of the charge, for using which it is proposed to reverse this judgment, the court, in effect, merely defined what was meant by a "fair preponderance"; saying that plaintiff must prove that the motorman "did not use ordinary care and prudence." This, I take it, was a correct definition, and, though it might have been better expressed, it is no ground for reversal; and I therefore dissent—thinking, as I do, that the judgment should be affirmed.

LAUGHLIN, J. I dissent from the reversal of the judgment in this case. The relation of common carrier existed between the plain-

tiff and the defendant, which bound it to a high degree of care in transporting her safely. She was injured by a collision between the rear end of the car and the baggage truck while the car was passing around the curve, where the rear end swung several feet over the rail. The doctrine of res ipsa loquitur is applicable, and the collision and attendant circumstances raised a presumption of negligence against the defendant in favor of the passenger. Loudoun v. Eighth Ave. R. R. Co., 162 N. Y. 380, 386, 56 N. E. 988. Both the conductor and motorman were chargeable with knowledge of the extent to which the ends of the car would overhang the track in passing around this curve, and with like knowledge that as the car was entering upon, but before it was fully upon, the curve, the rear end, in passing around the curve, would swing out at a given point further than the forward end, in passing the same point, and that it did not follow that, because the front would pass a vehicle or other obstruction without a collision, the rear end would, also. The evidence justified a finding that the truck did not approach any nearer the track than it was at the time the front end of the car passed it. It was therefore a question of fact for the jury to determine whether the motorman was guilty of negligence in not foreseeing that, on account of the greater overhang of the rear end of the car, a collision would occur. If the motorman was negligent in this regard, there could be no question but that the negligence was a proximate cause of the accident, and there was no error in the charge considered erroneous in the prevailing opinion. If the motorman exercised that degree of care, caution, and vigilance which an ordinarily prudent person would have exercised under like circumstances, which seems to be the extent of the defendant's duty to its passengers, so far as the operation of cars is concerned (Stierle v. Union Railway Co., 156 N. Y. 70, 50 N. E. 419), yet a finding that the defendant was negligent would still be justified. The jury would also have been justified in holding the defendant negligent for the failure of the conductor, while the car was passing around the curve, to be upon the rear platform, or in a position where he could have observed the approach or position of other vehicles, and have determined whether, on account of the overhanging of the rear end of his car in swinging around the curve, a collision was likely to result, in which event he should have signaled the motorman to stop. What the trial justice said in the charge quoted in the prevailing opinion, relating to the preponderance of evidence, was not prejudicial. The charge would have been entirely accurate by eliminating what was said on that subject. After stating, in substance, that, if the motorman did not use ordinary care and prudence to avoid the collision, the court said:

"Then I think the plaintiff has established, by what would be known in the law as a 'fair preponderance of evidence,' the negligence on the part of the defendant company, through its motorman, in handling the car."

If the jury found that the motorman was guilty of negligence which caused the collision, it necessarily followed that the defendant was responsible for that negligence; but, in determining whether the motorman was negligent or not, the jury should have been instructed, and doubtless would, had a request been made, that the burden of

establishing that proposition by a fair preponderance of the evidence rested upon the plaintiff. The charge was not erroneous, and, if misleading in regard to what constituted a preponderance of evidence, it was the duty of the counsel for the appellant to bring it to the attention of the court by some appropriate suggestion or request; and consequently the exception affords no ground for a reversal of the judgment.