## MARTIN v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   November 18, 1903.)

1. STREET RAILROADS—DUTY TO USE CARE IN RUNNING CAR.

The duty of a street railroad company to use care in avoiding collisions extends not only to the duty of the motorman to see that the front end of the car may pass safely, but also requires the conductor or other person in charge of the car to watch for and avoid obstructions the car may meet at any time before it has entirely passed.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Alexander Martin against the Interurban Street Railway Company.   From a judgment in favor of plaintiff, defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Henry A. Robinson (J. Ralph Hilton and William E. Weaver, of counsel), for appellant.

William D. Tyndall, for respondent.

BLANCHARD, J.   This action was brought to recover damages that the plaintiff's property sustained in a collision between a truck belonging to the plaintiff and a car owned and operated by the defendant.   The plaintiff obtained a judgment; from the judgment the defendant appeals.

It appears that the servants of the plaintiff were loading his truck, which was backed up against the curb in the middle of the block, and, while the car was passing, the collision occurred.   The main issue turns on the question whether the collision was caused by the car driving against the truck, or by the truck being moved against the side of the car after the latter had partly passed.   This issue the trial court fairly submitted to the jury, and there is evidence in the case to sustain the finding of the jury.   At the close of the main charge, counsel for defendant requested the court to charge:

"I ask the court to charge that if the jury believe that the front end of the car passed the truck in safety, that then the motorman was warranted in assuming that the rest of the car could pass, and it was not negligence to proceed, under the circumstances."

The court declined to so charge, and the defendant excepted.   The contention of the defendant is that if there was room for the car to pass at the time the motorman started to pass, and that after he had gotten partly past the truck the latter was moved against the side of the car, the defendant could not be charged with negligence.   The error in this request to charge is in the assumption that it embraces all the duty of the defendant, and we think the court properly refused to charge it.

In the case of Suse v. Metropolitan Street Railway Co., 80 App. Div. 24, 80 N. Y. Supp. 513, cited by the appellant at page 27, 80 App. Div., page 515, 80 N. Y. Supp.:

"The appellant was just as much obliged to prevent a collision with the rear end of the car as it was with the front end, and if it be true that the motor-

man's duties were such that he was required at all times to look in front of the car, then the appellant should have required the conductor, or some one on the rear, to observe that, and if a collision were about to occur to signal the motorman to stop the car, and whether the appellant performed this duty, so far as the plaintiff was concerned, we think was a question for the jury to pass upon."

It was therefore the duty, not only of the motorman, but of the conductor of the car as well, to exercise ordinary care and prudence in its management; and it was not error on the part of the trial court to refuse to limit the defendant's liability to the negligence of the motorman.

The judgment must be affirmed, with costs. All concur.