translation thereof is in the record, but parts thereof were interpreted and read in evidence. It seems that the object of the society is "to pay sick and death benefits." When the intestate fell ill he was entitled, under the constitution and the by-laws, to receive during his illness certain weekly sums graded for six months, three months, and then $2 weekly during the period of illness. He fell ill on May 3, 1898, and received sick benefits until March 10, 1902; but thereafter nothing. This action is to recover the sum of the $2 weekly payments for the period intervening March 10, 1902, and his death. The defendant showed that on March 10, 1902, the constitution (?) and the by-laws were amended so as to prohibit the payment of more than $300 to any member for sick benefits, and proved that the sum theretofore paid to the intestate exceeded that amount.

It is not asserted that the intestate ever assented to this change, or that he ever had notice thereof. The appellant contends that such change was within the powers of the association, and cites two authorities, with stress upon Poultney v. Bachman, 131 Hun, 49. His contention is also sustained by the judgment in Pain v. Societe St. Jean Baptiste, 172 Mass. 319, 52 N. E. 502, 70 Am. St. Rep. 287, wherein Poultney's Case, supra, is cited. But in Parish v. New York Produce Exchange, 169 N. Y. 34, 36, 61 N. E. 977, 56 L. R. A. 149, the court, after mention of the holding in Pain's Case, supra, on the precise point now up, says that "the trend of authority in this state is, however, in the other direction." That is, that such an association cannot under power of amendment divest rights which have vested. Moreover, I think that we are committed to this view by our judgment in Bottjer v. Supreme Council, 178 App. Div. 546, 75 N. Y. Supp. 805, 79 N. Y. Supp. 684.

The judgment must be affirmed, with costs. All concur.

---

(110 App. Div. 767.)

### WHITTACKER v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department. January 26, 1906.)

APPEAL—HARMLESS ERROR—INSTRUCTION.

Though there is only one rule of care, that of ordinary care, that care which persons of ordinary prudence would exercise under the circumstances, the ordinary care required of carriers of passengers, is the highest degree of care which human prudence and foresight can suggest, so that an instruction in an action against a carrier that a "high degree of care" was required of the carrier, was not prejudicial so as to require reversal.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1085, 1327.]

Appeal from Kings County Court.

Action by Julius Whittacker against the Brooklyn, Queens County & Suburban Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

The plaintiff being a passenger in one of the defendant's electric street cars, an employé of the defendant while removing an electric

light bulb from its fastenings, negligently dropped it on a window sill, breaking it, and a piece hit the plaintiff in the eye.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

I. R. Oeland, for appellant.

Frederick S. Martyn, for respondent.

GAYNOR, J. The learned trial judge charged the jury that in unfastening and handling the glass electric light bulb the defendant's servant "was bound to use a high degree of care," and this was excepted to. There is, indeed, only one rule of care; i. e., that of ordinary care; i. e., that care which persons of ordinary prudence would exercise in the circumstances. Ordinary care in some circumstances is nothing short of the highest degree of care; while in other circumstances much less, and sometimes very little care would satisfy the requirement of ordinary care. What ordinary care is varies with varying circumstances; the greater the danger, the greater the care required; but all the while the standard is ordinary care.

The courts of this state have determined, as matter of law, that the care required of carriers of passengers in respect of the construction and care of their roadbeds, machinery, and cars is the highest degree of care; which human prudence and foresight can suggest (Stierle v. Union Railway Co., 156 N. Y. 70, 50 N. E. 419); but it was quite unnecessary, for juries knew it all along, namely, that ordinary care in such cases required just that. But our courts stopped there, and have not essayed to establish a scale of care, as low, high, higher, highest. Juries know the varying scale of care, according to the varying circumstances of each case, embraced in the phrase "ordinary care."

But I do not see that this judgment needs to be reversed, because the learned trial judge ruled, as a matter of law, to the jury that a "high" degree of care was required in this case. It were well if he had omitted it, but it is entirely evident from reading the case that it did no harm. The whole subject is a harmless one.

Judgment and order affirmed.

Judgment and order affirmed, with costs.

GAYNOR, JENKS, and RICH, JJ., concur. HOOKER and MILLER, JJ., concur in result.