by the rule; on the contrary, the justice simply ordered the stenographer's minutes filed for the case. This practice should be discontinued. The evidence should be reduced to a strict narrative, and the exceptions stated in due form, as the rule requires and as becomes a learned profession and as is due to this court.

The judgment should be reversed.

HOOKER, J., concurs.

---

(114 App. Div. 797)

### WALSH v. YONKERS R. CO.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

1. CARRIERS—CARE AS TO PASSENGERS—INSTRUCTIONS.

In an action against a street railway for injuries received by a sudden reversing of the car as it was about to cross the tracks of a steam railroad, an instruction that in crossing the tracks of a steam railroad the law required the conductor and motorman to exercise the highest degree of care and prudence, though unnecessary, was not erroneous.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1327.]

2. APPEAL—NECESSITY OF EXCEPTIONS—INSTRUCTIONS.

An objection on appeal to a charge that, if plaintiff in the emergency acted on her best judgment, she was not guilty of contributory negligence, on the ground that her judgment, instead of the judgment of a person of ordinary prudence, was made the test, will not be considered; no exception having been made raising such question.

3. TRIAL—ERROR CURED BY OTHER INSTRUCTIONS.

Where the court charged in one place that, if the employés of defendant were negligent, the verdict must be for plaintiff, but the charge afterwards made that depend on the contributory negligence of plaintiff, the jury were not misled.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, 718.]

Appeal from City Court of Yonkers.

Action by Mary Walsh against the Yonkers Railroad Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Edward D. O'Brien, for appellant.
John F. Brennan, for respondent.

GAYNOR, J. The plaintiff with others was standing on the front platform of the defendant's electric street car owing to the crowded condition of the car. As it approached the crossing of a steam railroad, the conductor went ahead to see if a train was approaching, and beckoned the motorman to come on. He did so, but as the fender of his car reached the first rail of the steam railroad a train approached, the whistle blowing. The motorman reversed his car and it jumped back (as it is described by witnesses), barely avoiding a collision. The plaintiff claims that the violence of the reverse motion threw her off; there was some testimony that in the terror of the moment she like others on the front platform jumped off.

There is an exception to the charge of the trial judge that the law required the conductor and motorman to exercise "the highest degree of care and prudence" in making the crossing. It was not necessary to charge this. Negligence is the absence of reasonable care. What is reasonable care depends on the conditions of danger or lack of danger. In some cases very little care suffices to fulfill the rule of reasonable care while in others the highest degree of care is required to do so. All men understand this perfectly as a matter of fact, and it may well be left to juries. Whittacker v. Brooklyn, Queens County & S. R. R. Co., 110 App. Div. 767, 97 N. Y. Supp. 414. But the charge of the learned trial judge was not error. If there be any case in which reasonable care calls for the highest degree of care it is the case of a street railroad crossing a steam railroad, especially near a great city where trains are frequent, as was the case here. I am cited to no case exactly in point, but the foundation of the rule of the highest degree of care is a degree of imminent danger which existed here. Stierle v. Union Railway Co., 156 N. Y. 70, 50 N. E. 419.

The charge that if the plaintiff in the emergency acted on her best judgment in jumping from the car (if she did jump) she was not guilty of contributory negligence, is challenged on the ground that her judgment instead of the judgment of a person of ordinary prudence is made the test. It suffices that no exception raised that fine question.

The learned judge charged in one place that if the employés of the defendant were negligent the verdict must be for the plaintiff, but the charge afterwards made that depend on the contributory negligence of the plaintiff, and the jury were not misled.

No other exception calls for a reversal.

The judgment and order should be affirmed.

Judgment of the City Court of Yonkers modified by striking out the provision for an extra allowance for want of power to grant the same, and as modified judgment and order unanimously affirmed, without costs. All concur in the result