ANNA THORESON, Plaintiff, *v.* NEW YORK STATE RAILWAYS, Defendant.

BIRGER THORESON, Plaintiff, *v.* NEW YORK STATE RAILWAYS, Defendant.

(Supreme Court, Monroe Special Term, December, 1916.)

Carriers — of passengers — degree of skill required — trial.

The highest degree of skill that human foresight can suggest is required of common carriers to insure the safety of passengers in cases involving unsafe road-beds, defective machinery, imperfect cars, other conditions endangering the success of the enterprise and situations from which grave injuries may be expected but in all other cases only a reasonable degree of care is required, depending upon the circumstances of each case, and the court is not required to charge as a matter of law as to the exact degree of care as "high" or "very high," that is required in cases not involving the highest degree of care.

MOTION for new trial upon verdict for the defendant.

J. Leo Hilbert (Carlton R. Brown, of counsel) for plaintiffs.

Harris, Beach, Harris & Matson (Willis A. Matson, of counsel), for defendant.

Rodenbeck, J. Since the decision of *Stierle* v. *Union R. Co.*, 156 N. Y. 70, 684, the cases involving injuries to passengers by common carriers with reference to the degree of care required of the carrier may be divided into six classes, those involving: (1) unsafe road-beds, (2) defective machinery, (3) imperfect cars, (4) other conditions endangering the success of the enterprise, (5) situations from which grave injuries may be expected, and (6) all other cases.

The Court of Appeals has not attempted to prescribe the degree of care that is required as a matter of law except in the first five classes of cases in which it has said that the carrier, as a matter of law, is required to exercise the very highest degree of skill and care that human foresight and prudence can suggest, short of an actual guaranty of the safety of the passenger, but in all other cases which form a large percentage of the casualties occurring to passengers there is no requirement as a matter of law as to the degree of care that is necessary on the part of the carrier.

In every case the judgment of the trial judge is required as to the class into which the case falls. If it comes within the first five classes the court is required to charge as a matter of law that the highest degree of care is required and if it falls in the sixth class the court is required to charge that reasonable care under the circumstances is required without specifying the exact degree of care involved, leaving to the jury the question as to the observance of the necessary care required under the circumstances.

The rule that the highest degree of care and skill is required where the casualty involves an unsafe road-bed, defective machinery, imperfect cars, other conditions endangering the success of the enterprise or situations from which grave injuries might be expected, has been applied with uniformity by the courts.

*Palmer* v. *D. & H. C. Co.*, 120 N. Y. 170; *Coddington* v. *Brooklyn Crosstown R. R. Co.*, 102 id. 66; *Keegan* v. *Third Ave. R. R. Co.*, 34 App. Div. 296; *Leonard* v. *Brooklyn Heights R. R. Co.*, 57 id. 125; *Schlotterer* v. *Brooklyn & New York Ferry Co.*, 75 id. 330; *Klinger* v. *United Traction Co.*, 92 id. 100; *Walsh* v. *Yonkers R. R. Co.*, 114 id. 797. Cases involving other situations are harmonious in that they do not hold that the highest degree of care is required but the courts have approved a charge of a " high " degree of care (*Conway* v. *Brooklyn Heights R. Co.*, 82 App. Div. 516; *Kelly* v. *Metropolitan St. R. Co.*, 89 id. 159); a " very high " degree of care (*Stiner* v. *Metropolitan St. R. Co.*, 84 N. Y. Supp. 285; *Loudoun* v. *Eighth Ave. R. R. Co.*, 162 N. Y. 380; *Koehne* v. *New York & Q. C. R. Co.*, 32 App. Div. 419; *Regensburg* v. *Nassau El. R. R. Co.*, 58 id. 566) and ordinary or reasonable care (*Marlatt* v. *Erie R. R. Co.*, 154 App. Div. 388; *Suse* v. *Metropolitan St. R. Co.*, 80 id. 24; *Whittacker* v. *Brooklyn, Q. C. & S. R. R. Co.*, 110 id. 767; *Stierle* v. *Union R. Co.*, 156 N. Y. 70, 684; *Merrill* v. *Metropolitan St. R. Co.*, 73 App. Div. 401).

This case does not come within any of the first four classes and the situation was not one from which a grave injury might be expected so as to require a charge of the very highest degree of care as a matter of law or other than a charge of a reasonable degree of care. There is no deduction to be drawn from the authorities that the court in this instance was required to charge as a matter of law that the company was bound to exercise a " very high " degree of care. The car and the wagon were proceeding at an ordinary rate of speed. There was ample space for the passage of the wagon which is shown by the distance from the rail to the curb and is demonstrated by the fact that a similar wagon had just passed the car. There was

nothing in the situation to cause the motorman to apprehend that the second wagon would be operated so as to run into the car and there was no grave situation confronting him which brought the case within the rule of the *Stierle* case requiring a charge as a matter of law of more than a reasonable degree of care.

In the *Stierle Case, supra,* the injury was occasioned to a passenger by the negligent switching of a car from one track to another and the court held that the company was not held to the highest degree of care but only to ordinary care. " The common carrier is not an insurer of the safety of its passengers; but it is, and properly should be, bound to use its utmost skill and vigilance to guard against the possibility of accidents from the condition of its road and of the machinery used in the transportation of passengers. In this case the plaintiff, if he was to be believed, was injured because of the alleged negligent manner in which the driver of the car attempted to move or switch his car from one track to the other, in order to cross the Harlem River bridge, then being repaired and permitting the use of only one track. Under those circumstances, the defendant was only liable for the failure of the driver to use that skill and care which would be required of an ordinarily careful and prudent man."  (P. 74.)

In *Whittacker* v. *Brooklyn, Q. C. & S. R. R. Co.,* 110 App. Div. 767, a passenger was injured by the careless handling of an electric light bulb by the defendant's employee and the court charged that he was bound to use a " very high degree " of care.  Justice Gaynor said " it were well if he had omitted it," and then he said with reference to the care required toward passengers by common carriers: " There is indeed only one rule of care, *i. e.,* that of ordinary care, *i. e.,* that care which persons of ordinary prudence would exercise in

the circumstances. Ordinary care in some circumstances is nothing short of the highest degree of care; while in other circumstances much less, and sometimes very little, care would satisfy the requirement of ordinary care. What ordinary care is varies with varying circumstances; the greater the danger the greater the care required, but all the while the standard is ordinary care. The courts of this State have determined as matter of law that the care required of carriers of passengers in respect of the construction and care of their roadbeds, machinery and cars is the highest degree of care which human prudence and foresight can suggest (*Stierle* v. *Union R. Co.*, 156 N. Y. 70), but it was quite unnecessary, for juries knew it all along, namely, that ordinary care in such cases required just that. But our courts stopped there, and have not essayed to establish a scale of care, as low, high, higher, highest. Juries know the varying scale of care, according to the varying circumstances of each case, embraced in the phrase ordinary care." (P. 768.)

The exact question presented by the charge of the court in this case was involved in the case of *Merrill* v. *Metropolitan St. R. Co.*, 73 App. Div. 401, and a similar charge was sustained, the court through Justice Ingraham saying: " The main question presented is as to the refusal of the court to charge that ' although such common carrier is not an insurer of the safety of passengers, it is its duty to use a very high degree of care and skill to prevent any injuries to them.' This the court refused and charged the jury that ' the measure of duty on the part of the defendant's servants was to conduct themselves with reasonable care under all the circumstances with a view of protecting their passengers,' as applicable to the particular facts in this case, basing such instruction upon the cases of *Stierle* v. *Union R. Co.* (156

N. Y. 70) and *Ayers* v. *Rochester R. Co.* (Id. 104), and we think that in view of the decision of these cases the charge was correct." (P. 403.)

Under these authorities a charge of reasonable care as a matter of law was all that was required and whether or not such care had been exercised was a question for the determination of the jury. *Merrill* v. *Metropolitan St. R. Co. supra; Whittacker* v. *Brooklyn, Q. C. & S. R. R. Co. supra; Walsh* v. *Yonkers R. R. Co.,* 114 App. Div. 797.

The motion for a new trial is denied, with ten dollars costs to abide the event.

Motion denied, with costs.