(58 App. Div. 566.)

## REGENSBURG v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1. STREET RAILROADS—INSTRUCTIONS—MODIFICATION—EXCEPTION.
   Where the court, in an action for injuries caused a passenger in a street car by a collision, gave an instruction on the part of the plaintiff as to the care required of the motorman, and thereafter modified the charge at the request of the plaintiff, the latter cannot take advantage of any error in such modification, especially where no exception was taken thereto.

2. SAME—INSTRUCTIONS—DEGREE OF CARE.
   A motorman is only required to use care commensurate with the circumstances, either as they appeared or as they would have appeared in the exercise of ordinary prudence, and is not obliged to exercise the very highest degree of care.

3. SAME.
   An instruction that the motorman was obliged to use a very high degree of care to prevent the collision was properly given, as stating the rule of law applicable to the circumstances.

Appeal from special term, Kings county.

Action for injuries by Rose J. Regensburg against the Nassau Electric Railroad Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Charles J. Patterson, for appellant.
John L. Wells, for respondent.

GOODRICH, P. J. The plaintiff, while a passenger in the defendant's car, was injured in a collision between the car, which was going south on Seventh avenue in the borough of Brooklyn, and a runaway horse and wagon going east down Berkeley Place, towards Seventh avenue. The motorman stopped the car before crossing Berkeley Place, then started it again, and while crossing Berkeley Place the car was struck by the horse and wagon. The plaintiff offered evidence to prove negligence of the motorman in failing to see or hear the runaway before starting his car. The jury rendered a verdict for the defendant, and the plaintiff appeals from the judgment thereon entered.

The plaintiff's first contention is that there was error in refusing her requests to charge that the defendant's motorman was obliged to exercise the very highest degree of care to avoid the collision. The examination of this question requires a collocation of the principal charge and the requests. The court charged: ·

"On the part of the plaintiff it is contended that, if the motorman had used that degree of care and prudence commensurate to the surrounding circumstances at the time of this accident, he must have seen the approach of this runaway horse in time to have avoided the accident, and that he was bound, if he could, to avoid the accident by the exercise of his faculties to do so. That,

gentlemen of the jury, is true. If the motorman could or should, in the exercise of his faculties, have discovered the approach of this horse, and if, in the same way, he could or should have avoided this accident, it was his duty towards the plaintiff to do that; and the plaintiff claims that he failed in that regard."

The court also charged:

"The claim is made on the part of the plaintiff here, and urged strenuously, that, while the motorman stood at this crossing of Berkeley Place, he was in a position to see, if he had used his faculties, and to hear, if he had used his ears, the approach of this runaway horse in time to have avoided this accident, and that his failure to do so was negligence, which charges this defendant with liability to the plaintiff. * * * It is but fair to say, as to that, gentlemen of the jury, that, if there did at that time exist this dangerous situation and condition of things, the motorman was called upon to use his senses and his faculties for the purpose of avoiding any injury to his car, or to the plaintiff, or to any one else. He was bound to use a degree of care commensurate with the circumstances and the conditions as they existed. * * * It was the duty of this defendant, and of this motorman, who represented it on this occasion, to use all the care and all the caution and prudence which he was capable of using, as an intelligent, competent servant, for the preservation of the safety and the lives and the limbs of his passengers."

The plaintiff requested the court to charge:

"The defendant's motorman was obliged to exercise the very highest degree of care not to put the car into a situation in which it would be exposed to a collision from a runaway horse."

This request was refused. The plaintiff excepted, and requested the court to charge:

"The motorman was obliged to use a very high degree of care not to put the car in a situation in which it would be exposed to a collision with the runaway horse."

The court so charged. The defendant excepting, the court said:

"He was bound to exercise a degree of care and prudence commensurate with the circumstances of the case."

Both parties excepted to the modification, and the plaintiff requested the court to charge:

"If the motorman was guilty of negligence in putting the car in a situation where it was liable to be exposed to a collision with a runaway horse, then he could not excuse himself by any diligence after it was in such a situation."

The court so charged.

"The Court: It is not intended to say, 'If he could by any possibility.' It is intended to say, in that regard, that if, by the use of a care and prudence commensurate with the circumstances surrounding him, and the condition of things as they existed, he ought to have discovered the approach of this runaway horse, and could have done so, in time to have avoided the accident, it was his duty to do so; and, if he failed to do that, then he was negligent.

* * * * * * * * *

"Mr. Yonge: I desire to except to that part of your honor's charge in which you say that, if there existed a dangerous condition, the motorman was bound to use that degree of care commensurate with the circumstances. I desire to except to that portion of your honor's charge in which you say that it was the duty of the motorman to use all the care, caution, and prudence that he could for the safety of himself and his passengers.

* * * * * * * * *

"Mr. Patterson: There are one or two remarks with respect to the exceptions which he took. He took an exception to your honor's charge that the motorman was obliged to take such degree of care as was commensurate with

the circumstances. I think that should be modified by adding, 'So far as the circumstances ought to have been known to the motorman of the car by the exercise of reasonable care on his part.'

"The Court: You ask that it be so modified?

"Mr. Patterson: Yes, sir.

"The Court: We will consider it so modified.

"Mr. Patterson: That portion of the charge which he excepted to, where you said that the motorman was obliged to use all the care that he could exercise. I think, perhaps, that might be open to the same suggestion that I made as to the previous,—that he was obliged to use such degree of care as the jury shall say ought to have been exercised with reference to the circumstances, so far as they were open to his observation by sight and hearing.

"The Court: I accept your suggestion. I think it is, perhaps, an improvement."

We may read between the lines that the plaintiff's counsel feared that a verdict in his favor could not be sustained, as the defendant had excepted to the charge that the motorman was bound to exercise a degree of care commensurate with the circumstances, instead of charging that the care to be exercised must be commensurate with the circumstances which were, or ought to have been, known to the motorman by the exercise of reasonable care on his part. The charge was so modified at the request of the plaintiff, and of such modification she cannot be permitted to take advantage, especially as she took no exception thereto. The refusal to charge that the defendant was bound "to use the very highest degree of care," etc., was justified by the opinion in Stierle v. Railway Co., 156 N. Y. 70, 50 N. E. 419, and Id., 156 N. Y. 685, 50 N. E. 834, where the court cited Unger v. Railroad Co., 51 N. Y. 497, and approved the doctrine therein announced. In the Unger Case, the court said (pages 501, 502):

"The degree of care which a person owing diligence must exercise depends upon the hazards and dangers which he may expect to encounter, and upon the consequences which may be expected to flow from his negligence. Railroad companies, whose cars are drawn by steam at a high rate of speed, are held to the greatest skill, care, and diligence in the manufacture of their cars and, engines, and in the management of their roads, because of the great danger from their hazardous mode of conveyance to human life in case of negligence. But the same degree of care and skill is not required from carriers of passengers by stage coaches (Hegeman v. Railroad Corp., 13 N. Y. 9), and for the same reason is not required from the carriers of passengers upon street cars drawn by horses. The degree of care required in any case must have reference to the subject-matter, and must be such only as a man of ordinary prudence and capacity may be expected to exercise in the same circumstances. In some cases this rule will require the highest degree of care, and in others much less."

Nor does it make any difference in the rule that upon a street car electricity has been substituted for horses. The reasoning still applies, inasmuch as there is a manifest distinction between such cars and steam-railroad cars running at high speed. It is not the rule that in every case the motorman is bound to use the "very highest degree of care and diligence," but only such care as is commensurate with the circumstances, either as they appeared or could have been observed in the exercise of ordinary care and prudence. "In some cases," as was said in Hegeman v. Railroad Corp., supra, "this rule will require the highest degree of care, and in others much less."

In Keegan v. Railroad Co., 34 App. Div. 297, 300, 54 N. Y. Supp.

391, 394 (affirmed without opinion, 165 N. Y. 20, 59 N. E. 1124), it was said:

"A rule which called upon every driver or motorman, at all times and under all circumstances, to keep himself keyed up to the highest pitch of vigilance, would be senseless. He should never, it is true, be heedless or forgetful of his duty. He should, in fact, at all times be watchful and prepared for emergencies. When, however, the law imposes upon him a still higher degree of care, namely, the exercise of all the vigilance that human foresight can suggest, it naturally refers to conditions calling for that extreme degree of vigilance. It is not so unreasonable, par example, as to demand constantly strained eyes from the lookout over a perfectly clear horizon."

When, therefore, the court charged, in answer to the request of the plaintiff's counsel, that the motorman was obliged to use a very high degree of care, etc., it properly stated the rule of law applicable to the circumstances. The other part of the charge objected to in the plaintiff's brief was not excepted to by the defendant, and does not seem to us to be error which requires reversal.

The judgment should, therefore, be affirmed.

Judgment and order affirmed, with costs. All concur.