STINER v. METROPOLITAN ST. RY. CO. et al.

(Supreme Court, Appellate Term. June 22, 1903.)

1. CARRIERS—INJURY TO PASSENGER—CARE REQUIRED.
    Where a passenger riding in a hired cab was injured in a collision between the cab and a street car by the concurrent negligence of the street car company and the cab driver, an instruction that the cab driver was bound to exercise a very high decree of care was proper.

Appeal from City Court of New York.

Action by Edgar F. Stiner against the Metropolitan Street Railway Company and another. From a judgment in favor of plaintiff, and from an order denying defendants' motion for a new trial, defendants prosecute separate appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Henry A. Robinson (Bayard H. Ames and F. Angelo Gaynor, of counsel), for appellant Metropolitan St. Ry. Co.

Frederick E. Fishel (H. Snowden Marshall, of counsel), for appellant Kayton.

Louis Steckler and J. Brownson Ker, for respondent.

FREEDMAN, P. J. The action was brought to recover damages for personal injuries sustained by the plaintiff through the alleged concurrent negligence of the servants of both defendants. While the plaintiff was a passenger in a cab owned and operated by the defendant Kayton, and while the cab was in the act of crossing Madison avenue at a point about 100 feet north of Ninety-Second street, it came into collision with a north-bound car of the defendant railway company, and the plaintiff was injured thereby. The jury rendered a verdict against both defendants, and they appeal separately.

The plaintiff was free from contributory negligence, and upon the question of the concurrent negligence there was sufficient evidence against each of them to carry the case to the jury. Neither plaintiff's version nor the version of either of the defendants depended exclusively upon the testimony of interested witnesses. Disinterested wit-

nesses testified on both sides. According to the record, the state of the evidence was such that at the close of plaintiff's case the motion of each of the defendants for a nonsuit was properly denied, and that at the end of the whole case it would have been error to direct a verdict in favor of either of the defendants. Nor can it be held that the verdict is against the weight of evidence. The issues were properly submitted to the jury. The railway company was held to the exercise of ordinary care, and the defendant Kayton to the exercise of a high degree of care. Of this the defendant Kayton cannot complain. He was sufficiently shown to have been a common carrier of passengers for hire, and on this theory the case against him was submitted to the jury without objection on his part. As a common carrier of passengers, he was, under the authorities, bound to exercise a very high degree of care in carrying the plaintiff. Londoun v. Eighth Ave. R. R. Co., 162 N. Y. 380 (386), 56 N. E. 988; Keegan v. Third Ave. R. R. Co., 34 App. Div. 297, 54 N. Y. Supp. 391, affirmed in 165 N. Y. 622, 59 N. E. 1124; Zimmer v. Third Ave. R. R. Co., 36 App. Div. 265 (269), 55 N. Y. Supp. 308; Regensberg v. Nassau Electric R. R. Co., 58 App. Div. 566 (571), 69 N. Y. Supp. 147. The record fails to disclose reversible error.

The judgment and order appealed from should as against each defendant be affirmed, with costs. All concur.