cured, made, and shipped between April 25, 1897, and April 25, 1898," the date of the assignment. Elsewhere in the evidence he said that the cars averaged 90 barrels to the car, and 350 pounds to the barrel. At 20 cents per 100 pounds for his work and services in connection with these 26 car loads, he appears to be entitled, for "services rendered within one year prior to the execution of such assignment" (Laws 1897, p. 772, c. 624, § 29), to the full sum demanded, after deducting the payments made to him by defendant's assignor.

The judgment should be affirmed, with costs.

---

(89 App. Div. 159.)

KELLY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. STREET RAILWAYS—INJURY TO PASSENGERS—DECREE OF COURT.
   Where plaintiff, while a passenger on a street railway car, was injured by the shaft of a wagon puncturing the side of the car, it was error to instruct that the railroad company was bound to exercise the "highest degree of care" to insure safety of the plaintiff.
   Hirschberg and Hooker, JJ., dissenting.

Appeal from Trial Term, Queens County.

Action by Mary Kelly against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Bayard H. Ames (F. A. Gaynor, on the brief), for appellant.
Joseph Fitch, for respondent.

GOODRICH, P. J. The plaintiff has recovered a verdict against the defendant for personal injuries occasioned to her while she was a passenger on its road. She was seated on the north side of a car running west through Thirty-Fourth street, Manhattan, and crossing Fifth avenue, when the shaft of an express wagon going south along Fifth avenue punctured the side of the car and injured her. The only question which it is necessary to consider is the charge of the learned court. In the principal charge, the court said:

"Now, while the railroad company are not insurers or guarantors of the safety of passengers upon their cars, it is their recognized duty to use the highest degree of care for the safety of persons who become passengers upon their cars."

Defendant's counsel specifically excepted—

"To that portion of your honor's charge wherein you say that the defendant company was bound to exercise the highest degree of care to insure the safety of the plaintiff. The Court: Yes. Defendant's Counsel: I ask your honor to modify that part of the charge, and to charge the jury that they were only required to exercise a high degree of care. (The court declines so to charge, and defendant excepts.)"

---

¶ 1. See Carriers, vol. 9, Cent. Dig. § 1087.

I think the refusal was error, under Stierle v. Union Ry. Co., 156 N. Y. 70, 50 N. E. 419, and Id., 156 N. Y. 684, 50 N. E. 834. We held this doctrine in Regensburg v. Nassau Elec. R. Co., 58 App. Div. 566, 69 N. Y. Supp. 147, and in Conway v. Brooklyn Heights R. Co., 82 App. Div. 516, 81 N. Y. Supp. 878. There are circumstances where the rule stated by the court may be applicable, but it is not a rule of universal application, and certainly not in the case at bar. The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event.

WOODWARD and JENKS, JJ., concur.

HIRSCHBERG, J. (dissenting). Independent of the question whether or not the charge of the learned trial justice, to the effect that the defendant was bound to exercise the highest degree of care, is correct, I am of opinion that the ultimate charge in response to the two final requests made by the defendant's counsel was equivalent to instructing the jury that the measure of duty on the part of the defendant was limited to the exercise of the utmost care possible under the circumstances of the case, and that therefore there was no error.

HOOKER, J., concurs in dissent.