ZVONIK v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. May 19, 1904.)

1. CARRIERS—INJURIES TO PASSENGER—ACTIONS—INSTRUCTIONS—LIMITATION TO FACTS.

Conceding that a charge, in an action for injuries to a passenger, that defendant was bound to exercise the highest degree of care for the safety of its passengers, did not state a rule of universal application, defendant, on excepting thereto, should have requested an accurate limitation on the language used to the facts of the case.

2. SAME—DEGREE OF CARE REQUIRED.

The rule that a motorman and conductor engaged in the operation of a car are held only to reasonable care applies as to teams on the street, but does not apply as to passengers in the car.

Appeal from City Court of New York.

Action by Catherine Zvonik against the Interurban Street Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
Ernest M. Welch, for respondent.

FREEDMAN, P. J. Plaintiff's injuries were sustained while he was a passenger in a closed car of the defendant which collided with a wagon that had gone upon the track in order to get around an obstruction formed by another wagon standing backed up against the curb of the street. Defendant complains of that part of the charge by which the jury were told that the defendant was bound to exercise the highest degree of care for the safety of its passengers, which proposition was duly excepted to. Conceding that since the decision of Stierle v. Union Railway Company, 156 N. Y. 70, 50 N. E. 419, this is not a rule of universal application to every state of fact, although in Schneider v. Second Ave. R. R. Co., 133 N. Y. 583, 30 N. E. 752, the Court of Appeals had said that the duty to a passenger required the exercise of "the greatest diligence" by the carrier, the defendant should have requested an accurate limitation to the facts of this case. The defendant, however, did not request, as was done in Kelly v. Metropolitan St. Ry. Co., 89 App. Div. 159, 85 N. Y. Supp. 842, the substitution of "a high degree of care," but, on taking the exception, requested the following instruction, viz.:

"That a motorman and conductor engaged in the operation of a car are held only to reasonable care—that is, the care of an ordinarily prudent man under the circumstances—and that, if the jury believe they exercised ordinary care, that then their verdict must be for the defendant."

In passing upon this request, the court said:

"I charge that is the rule of law that would apply to the driver of the wagon, but that it is not the rule of law that applies to a passenger in the car."

The defendant excepted "to the modification," without making any further request upon the point covered by the original exception. The modification was entirely correct. Under these circumstances, the claim of the defendant to a new trial upon the exceptions referred to cannot be sustained.

There is no other exception in the case sufficiently meritorious to call for discussion. Suffice it to say that upon the evidence the case was one for the jury; that it was fairly submitted to them; that their verdict is fully supported by evidence, and not against the weight of the evidence; and that the record discloses no reversible error at any stage of the trial.

The judgment and order should be affirmed, with costs. All concur.