LEONTINE SUSE, Respondent, *v.* METROPOLITAN STREET RAILWAY
COMPANY, Appellant, Impleaded with BERNARD BIGLIN.

*Negligence — collision between a street car and a truck — duty of the motorman to see
that the overhang of the rear of his car in passing around a curve does not strike a
truck — duty of the company in that respect — charge as to what is the fair pre-
ponderance of the evidence.*

In an action brought to recover damages sustained by the plaintiff through the
alleged negligence of the defendant, it appeared that the defendant operated a
street railway in the city of New York, and that at the corner of Madison ave-
nue and Forty-second street there was a curve in the defendant's line; that the
rear of a car passing around the curve would overhang the westerly track con-
siderably more than the front of it would; that the greatest extent of the over-
hang was forty-eight inches, and that at no point was the distance between the
westerly rail and the westerly curb line of Madison avenue less than eleven
feet four inches; that on the day of the accident one of the defendant's cars
proceeded slowly around the curve at about the same time that a truck had
commenced to turn into Madison avenue from Forty-second street; that the
front of the car passed the truck in safety, but that the rear of it or the fender
struck the truck, causing a trunk which was upon it to fall and strike a win-
dow in the car. The plaintiff, who was a passenger in the car, was struck by
some of the glass and sustained the injuries for which she sought to recover.
The truck was eight feet in width and there was a clear space of fourteen feet
between the car and the westerly line of Madison avenue. There was nothing
in the street to prevent the driver of the the truck from seeing the car or to
prevent him from driving as near the curb line of Madison avenue as he
desired.
*Held,* that it could not be said that the motorman was negligent, after the front
of the car had passed the truck in safety, in failing to observe whether the
rear of the car would also pass in safety;
That the defendant, however, was just as much obliged to prevent a collision
with the rear end of the car as it was with the front end of the car and that, if
the motorman's duties were such that he could not watch the rear end of the
car as it rounded the curve, it was the defendant's duty to detail the conductor
or some one else to perform that duty;
That whether the railway company had performed such duty was a question
for the jury to pass upon;
That it was error for the court to charge: " If you find that the motorman,
knowing that this truck was approaching his car and about to turn into Madi-
son avenue going north and on the west side of the avenue, did not use that ordi-
nary care and prudence that a man of his position and his standing in life should
have exercised, then I think the plaintiff has established, by what would be
known in the law as a fair preponderance of evidence, the negligence on the
part of the defendant company, through its motorman in handling that car," as

the charge as made assumed that the mere turning of the truck into Madison avenue called upon the motorman to anticipate that there might possibly be a collision between the truck and the car, although there was no evidence which would have justified the jury in finding that the motorman might have anticipated that fact;

That the instruction was also erroneous in that it stated that the omission of the motorman to exercise ordinary care and prudence would render the railway company liable even though such lack of ordinary care and prudence did not, in any way, contribute to the accident.

O'BRIEN and LAUGHLIN, JJ., dissented.

APPEAL by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of June, 1902, upon the verdict of a jury for $1,800, and also from an order entered in said clerk's office on the 19th day of June, 1902, denying the said defendant's motion for a new trial made upon the minutes.

*Charles F. Brown*, for the appellant.

*William C. Cammann*, for the respondent.

McLAUGHLIN, J.:

The plaintiff, a passenger on one of the defendant's south-bound cars, was injured by the car colliding with a truck owned by the defendant Biglin. The collision occurred at or near the intersection of Madison avenue and Forty-second street. The car was about thirty-seven feet in length and was equipped with two fenders, one in front and one in the rear, the front one at the time being down and the rear one raised and fastened to the car. The car passed from Madison avenue into Forty-second street on a curve which commenced over thirty feet north of the westerly curb line of Forty-second street, and at this point the distance between the westerly rail and the westerly curb line of Madison avenue was a little over thirteen feet. The rear of the car, as it passed around the curve, overhung the westerly track considerably more than did the front of it, but at no point was the space between the westerly rail and the westerly curb line of Madison avenue less than eleven feet four inches, which is near the commencement of the curve. From this point on, while the overhang of the rear fender increased,

the track turns southerly, and by reason of that fact the distance of such overhang from the curb line also increased. At a point slightly north of the crosswalk of Madison avenue the overhang of the rear fender reached its maximum, which was forty-eight inches, and it continued in that condition for a distance of something near twenty feet. At this point there was a space of fourteen feet between the fender and the westerly curb line of Madison avenue. The truck with which the car collided had a width of eight feet, that is, from hub to hub. It was equipped with a rack, upon which, at the time the collision occurred, were placed several trunks. When the car reached a point a few feet north of Forty-second street it was brought to a standstill for the purpose of letting passengers get on, after which a signal was given for the car to proceed, and at this time the truck, which was then about the center of Forty-second street, had commenced to turn into Madison avenue for the purpose of taking the trunks to the Manhattan Hotel. The car proceeded slowly around the curve, the front of it passed the truck in safety, but the rear of it or the fender struck the truck, displaced one of the trunks, which, in falling, struck a window in the car and some of the pieces of glass struck the plaintiff in the face and inflicted the injuries of which she complains. She had a verdict of $1,800 against both the railway company and the owner of the truck, from which the railway company alone has appealed.

The appellant asks for a reversal of the judgment principally upon the ground that the evidence was insufficient to justify a finding to the effect that the collision was due to its negligence. It having undertaken, for a consideration, to convey the plaintiff to the point of her destination, it was obligated to use the highest degree of care, so far as she was concerned, to the end that she might reach there in safety, and whether or not it performed this obligation, was, we think, under the facts presented a question for the jury.

It is true that when the signal was given to the motorman to proceed with the car, he, being upon the front of it, and observing that there was room for the car to pass the truck in safety, had a right to assume that the driver of the truck, in proceeding northerly on Madison avenue, would keep away from the car and thus prevent a collision. There was room for him to do so. The truck, as already indicated, was only eight feet in width and there was a clear space

between the car and the westerly line of Madison avenue of something like fourteen feet.   There was nothing in the street to prevent the driver from seeing the car, or to prevent his driving the truck as near the curb line of Madison avenue as he desired.   Under such circumstances we do not think it could be said that the motorman was negligent, after the front of the car had passed the truck in safety, because he did not observe how near the rear of the car, by reason of the overhang, was being brought to the truck.   The motorman was stationed on the front of the car.   He was obliged to observe what was taking place in front of him and to control the car accordingly, to the end that it might not injure persons in the streets or collide with vehicles passing thereon.   The rear of the car overhung the westerly track in rounding the curve much more than the front of it did and by reason of that fact was brought much closer than the front end to vehicles upon the west side of Madison avenue. The appellant was just as much obligated to prevent a collision with the rear end of the car as it was with the front end, and if it be true that the motorman's duties were such that he was required at all times to look in front of the car, then the appellant should have required the conductor or some one on the rear to observe that, and if a collision were about to occur, signal to the motorman to stop, and whether the appellant performed this duty, so far as the plaintiff was concerned, we think was a question for the jury to pass upon.

We are, however, of the opinion that the judgment must be reversed for an error in the charge.   The court charged the jury that: " If you find that the motorman, knowing that this truck was approaching his car and about to turn into Madison avenue going north and on the west side of the avenue, did not use that ordinary care and prudence that a man of his position and his standing in life should have exercised, then I think the plaintiff has established, by what would be known in the law as a fair preponderance of evidence, the negligence on the part of the defendant company, through its motorman in handling that car."   The charge as made assumed that the mere turning of the truck into Madison avenue called upon the motorman to anticipate, notwithstanding the space between the car and the westerly curb line of Madison avenue, that there might possibly be a collision between the truck and the car, and there is

nothing in the evidence which would have justified the jury in finding that the motorman might anticipate that fact. The location of the truck, the speed of the car, and the distance between it and the curb line, in no way would suggest to a person of ordinary skill and prudence that the truck, in proceeding northerly on Madison avenue, might be brought so close to the rear of the car that a collision would occur. The rule is well settled that there is no obligation on the motorman of a car, propelled as this one was, to take measures to avoid a collision until the peril becomes apparent. (*Stierle* v. *Union Railway Co.*, 156 N. Y. 70; *Stabenau* v. *Atlantic Ave. R. R. Co.*, 155 id. 511.) The jury had previously, during the course of the charge, been instructed that the plaintiff was bound to establish the appellant's negligence by a fair preponderance of evidence, and yet, in the instruction here given, the court, as a matter of law, declares what would constitute such preponderance.

Not only this, but the instruction was erroneous in that the statement was made to the jury, at least in effect, that the omission to exercise ordinary care and prudence on the part of the motorman would render the appellant negligent, and by reason thereof liable, even though such lack of ordinary care and prudence did not in any way contribute to the accident itself. There is nothing to show that the motorman was negligent in this respect; but even if that fact be assumed, it is of no importance unless his negligence was the proximate cause of or in some way contributed to the accident (*Laidlaw* v. *Sage*, 158 N. Y. 73), and under the instruction the jury could find the appellant liable for some neglect on the part of the motorman, even though his act had nothing whatever to do with the collision.

It follows, therefore, that the judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and INGRAHAM, J., concurred in result; O'BRIEN and LAUGHLIN, JJ., dissented.

O'BRIEN, J. (dissenting):

I dissent. The plaintiff was bound to prove by a fair preponderance the negligence of the defendant. By the language used in that part of the charge, for using which it is proposed to reverse

this judgment, the court in effect merely defined what was meant by a fair preponderance, saying that plaintiff must prove that the motorman " did not use * * * ordinary care and prudence." This I take it was a correct definition; and though it might have been better expressed, it is no ground for reversal; and I, therefore, dissent, thinking as I do that the judgment should be affirmed.

LAUGHLIN, J., concurred.

LAUGHLIN, J. (dissenting):

I dissent from the reversal of the judgment in this case. The relation of common carrier existed between the plaintiff and the defendant which bound it to a high degree of care in transporting her safely. She was injured by a collision between the rear end of the car and the baggage truck while the car was passing around the curve where the rear end swung several feet over the rail. The doctrine of *res ipsa loquitur* is applicable and the collision and attendant circumstances raised a presumption of negligence against the defendant in favor of the passenger. (*Loudoun* v. *Eighth Ave. R. R. Co.*, 162 N. Y. 380, 386.) Both the conductor and motorman were chargeable with knowledge of the extent to which the ends of the car would overhang the track in passing around this curve and with like knowledge that as the car was entering upon, but before it was fully upon the curve, the rear end in passing around the curve would swing out at a given point further than the forward end in passing the same point; and that it did not follow that because the front would pass a vehicle or other obstruction without a collision that the rear end would also. The evidence justified a finding that the truck did not approach any nearer the track than it was at the time the front end of the car passed it. It was, therefore, a question of fact for the jury to determine whether the motorman was guilty of negligence in not foreseeing that on account of the greater overhang of the rear end of the car a collision would occur. If the motorman was negligent in this regard there could be no question but that the negligence was a proximate cause of the accident and there was no error in the charge considered erroneous in the prevailing opinion.

If the motorman exercised that degree of care, caution and vigilance which an ordinarily prudent person would have exercised

under like circumstances, which seems to be the extent of the defendant's duty to its passengers so far as the *operation* of cars is concerned (*Stierle* v. *Union Railway Co.*, 156 N. Y. 70), yet a finding that the defendant was negligent would still be justified for the jury would have been justified in holding the defendant negligent for the failure of the conductor, while the car was passing around the curve, to be upon the rear platform or in a position where he could have observed the approach or position of other vehicles, and have detetermined whether, on account of the over hanging of the rear end of his car in swinging around the curve a collision was likely to result, in which event he should have signaled the motorman to stop.

What the trial justice said in the charge quoted in the prevailing opinion relating to the preponderance of evidence was not prejudicial. The charge would have been entirely accurate by eliminating what was said on that subject. After stating in substance that if the motorman did not use ordinary care and prudence to avoid the the collision, the court said : " Then I think the plaintiff has established, by what would be known in the law as a fair preponderance of evidence, the negligence on the part of the defendant company through its motorman in handling that car." If the jury found that the motorman was guilty of negligence which caused the collision, it necessarily followed that the defendant was responsible for that negligence ; but in determining whether the motorman was negligent or not the jury should have been instructed, and doubtless would had a request been made, that the burden of establishing that proposition by a fair preponderance of the evidence rested upon the plaintiff. The charge was not erroneous, and if misleading in regard to what constituted a preponderance of evidence, it was the duty of the counsel for the appellant to bring it to the attention of the court by some appropriate suggestion or request ; and, consequently, the exception affords no ground for a reversal of the judgment.

O'BRIEN, J., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.