## LOZIER MOTOR CO. OF NEW YORK v. MacINTOSH et al.

(Supreme Court, Appellate Term. May 19, 1904.)

1. WORK AND LABOR—FAILURE TO FIX COMPENSATION.
   Where no agreement was made as to the sum to be allowed plaintiff for certain work, he was entitled to only the reasonable value of the work.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Lozier Motor Company of New York against Neil W. MacIntosh and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Phillips & Avery, for appellants.

Hatch, Keener & Clute, for respondent.

SCOTT, J. Taking the evidence in the light most favorable to the plaintiff, it is apparent that the minds of the parties met only upon a single point, viz., that the plaintiff should complete so much of the work defendants had undertaken to do as the latter had found themselves unable to complete. There was no agreement as to the sum to be paid or allowed plaintiff. Defendants asked plaintiff to undertake to do the work for $50. This plaintiff declined to agree to. Plaintiff offered to do the work at whatever it should cost, but defendant did not agree to pay at this rate. Under these circumstances the law entitles the plaintiff to recover the reasonable value of the work. It could not, by employing inexperienced men, and paying them by the hour, run up a bill against defendants for an unreasonable sum. From the cross-examination of the witness Cook by plaintiff's counsel it may be inferred that the reason for the apparently large charge for completing the work was that the plaintiff undertook to do it with its own factory hands, instead of employing expert steam fitters, accustomed to do work of the kind which had to be done. However that may be, the only evidence as to the reasonable value of the work was that offered in behalf of the defendants, and put the value at much less than the sum charged by plaintiff.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

---

## KAUFMAN et ux. v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. May 19, 1904.)

1. STREET RAILROADS—INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.
   Plaintiff, while attempting to cross a street, was struck by the rear end of one of defendant's cars as she was standing on the crosswalk about two feet from the track while the car was rounding a curve, and was thrown to the ground in front of one of the wheels of a truck approaching behind her in such a manner that the wheel passed over her arm. Before leaving the curb, plaintiff saw the car from 140 to 150 feet away, the distance from the curb to the car track being about 16 feet. *Held,* that plaintiff and defendant's motorman were both required to exercise the same degree

of care, and that such facts tended to show that both erroneously believed the plaintiff was in a place of safety, and that, if their miscalculation was negligent, it was joint negligence of both, for which plaintiff was not entitled to recover. .

Appeal from City Court of New York.

Action by Harry Kaufman and wife against the Interurban Street Railway Company. From two City Court judgments in favor of the respective plaintiffs, and from orders denying defendant's motions for new trials, it appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
Joseph I. Green, for respondents.

FREEDMAN, P. J. The plaintiff Minnie Kaufman brought her action for personal injuries alleged to have been sustained through defendant's negligence, and the plaintiff Harry Kaufman brought his action for the loss of services sustained by him as husband of the plaintiff Minnie Kaufman. Both actions were tried together, and the trial resulted in a verdict in favor of the plaintiff Minnie Kaufman for $1,500, and in favor of the plaintiff Harry Kaufman for $150.

The facts, briefly, are: On the 12th day of April, 1902, the plaintiff Minnie Kaufman, while attempting to cross West Third street at the westerly side of West Broadway, in the borough of Manhattan, was struck by the rear end of one of defendant's cars as she stood on the crosswalk about two feet from the track, as the car swung around a curve into West Broadway from West Third street, and was thrown to the ground in the front of the wheels of a wagon passing behind her in such a manner that the wheel passed over her arm. She walked down the west side of West Broadway, and as she reached the north curb of West Third street, and before stepping off into the roadway, she looked to see if a car was coming. She saw a car seven or eight houses, or from 140 to 150 feet, away. She then stepped off the curb, and as the car was coming easterly she stopped on the crosswalk two feet north of the track to allow the car to pass. The whole car passed her with the exception of the extreme rear portion on the north side, which, as the car swung around the curve, swung around farther than the front or body of the car, and struck her, and threw her down in front of a wagon passing behind her and between the car track and the curb. At the trial there was but little, if any, conflict as to the material facts, and the questions relating to defendant's negligence and the contributory negligence of the plaintiff Minnie Kaufman were submitted to the jury, who determined them in favor of the plaintiff. Such submission is now sought to be sustained by a reference to Suse v. Met. St. Ry. Co., 80 App. Div. 24, 80 N. Y. Supp. 513. But in that case the plaintiff was a passenger, and as such was injured while seated in the car in consequence of a collision between the rear end of the car and a truck as the car swung around a curve. In that case the defendant was bound to use the highest degree, or at least a high degree, of care to carry the plaintiff safely. In the case at bar a different rule applies. Minnie Kaufman was a pedestrian, and voluntarily stopped at a point

2 feet from the track and 14 feet from the curb. As, according to plaintiffs' witness, the truck passed at a distance of 3 feet from the north curb of West Third street, there was a space of 11 feet between Minnie Kaufman and the north side of the truck as it proceeded westerly along West Third street, but the truck was not 11 feet wide. At any rate, her rights and the rights of the defendant at the point where the accident occurred were equal. Each owed to the other the duty of ordinary care, and each had the right to assume that the other would exercise such care. How, then, does the case stand in this view of the law? She stopped at what she thought was a perfectly safe distance from the track, but she was mistaken. Can we say of the motorman, who was evidently of the same opinion which she entertained, that his mistake was negligence without a like fault falling upon her? She had the fullest opportunity of knowing and choosing her position, and the fullest opportunity of seeking a place of safety for herself, or giving notice to the motorman to stop if she had any idea of danger. She evidently believed that she was clear of all danger of a collision; but with equal, and possibly better, means of knowing than the motorman, she made a mistake in so believing. If, then, it was negligence for the motorman to make a miscalculation, was it not equally negligent for her to do so? They owed the same duty to each other, and each had a right to assume that the other would discharge it. That being so, it cannot be held that the motorman was negligent in thinking exactly as she thought. No different standard of care can be applied to either. If one was negligent, the other was negligent. There was either no negligence on the part of either or there was joint negligence. A mere error of judgment on the part of a motorman, who was exercising reasonable care at the time, has never yet been held sufficient to establish negligence. For the foregoing reasons the complaints should have been dismissed on defendant's motion, and the submission of the cases to the jury constituted error.

The judgments and orders must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.