was furnished by which it appeared that the plaintiff claimed that her real estate had been damaged, and she and her children had been frightened; but no amendment of the complaint was had, and so far as the pleadings were concerned the plaintiff still claimed damages for injury to her personal property. Neither the complaint nor the bill of particulars indicated whether the plaintiff sued for a trespass or for negligence, and at the opening of the trial the defendant, very properly, asked that the plaintiff be required to state upon which theory she claimed to recover. No formal order was made upon this motion, but after some colloquy between counsel and the justice it appeared that no actual trespass was claimed, whereupon the justice stated that he presumed that the complaint was founded upon a claim of negligence, to which plaintiff's counsel assented. The trial then proceeded, and at its close the plaintiff had proved neither trespass nor negligence. Subsequently the justice rendered judgment for the plaintiff upon the ground that the defendant had been guilty of a nuisance, in blasting upon a public highway without a license from the proper municipal authority. It is quite true that the defendant had not shown such a license; but there was no reason why he should have done so, because nowhere in the case was there the slightest suggestion that it was sought to hold him liable upon any such ground. He had every justification for believing that he was only called upon to meet a charge of negligent blasting, and may well have been surprised to find himself cast in damages for a cause of action which was not suggested by the pleadings, and had not been referred to upon the trial. Of course it is well understood that litigation in the Municipal Court, under the allowed system of oral pleadings, is necessarily somewhat informal, and that minor variations between the pleadings and the proof will be overlooked; but this rule cannot be extended to so extreme a case as is presented by the present record. As has been said, the evidence was insufficient to sustain an action either for negligence or trespass. It is by no means clear that it would support an action for a nuisance. The law of nuisances with respect to highways has generally been founded upon some invasion of the lawful right of persons to use the highway, and we have been referred to no authority upholding an extension of the law so as to cover consequential damages inflicted upon adjoining property, and not involving any deprivation of light, air, and access.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

McCABE v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. January 17, 1906.)

1. STREET RAILROADS—OPERATION—INJURY TO PERSON NEAR TRACK.
    In an action for injuries, evidence *held* to show that the person injured did not back from a street car track as rapidly as he could, as he claimed, to avoid an injury from being struck by the rear end of the car as it rounded the curve and projected beyond the track.

97 N.Y.S.—23

2. SAME.

Whether the motorman of a street car rang his bell before starting the car was immaterial, where the person injured by it saw the car before it stárted.

Appeal from City Court of New York, Trial Term.

Action by Peter McCabe against the Interurban Street Railway Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Bayard H. Ames and Anthony J. Ernest, for appellant.
Patrick J. O'Beirne, for respondent.

SCOTT, P. J. It is difficult to see wherein there was shown either negligence on the part of defendant's motorman, or freedom from negligence on the part of plaintiff. The plaintiff and a companion were walking abreast down Sixth avenue on the easterly side. At Fifty-First street there is a track curving to the southward into Sixth avenue. As plaintiff approached this track one of defendant's cars was standing stationary in Fifty-First street about 10 or 12 feet from the point at which plaintiff was about to cross the track. As plaintiff put his foot on the first rail of the track the car started up. He saw it, and, judging that he would not be able to cross in front of it, backed away from the rail. While the car was traversing this 10 or 12 feet, he succeeded in getting so far back from the track that the front part of the car passed him safely. As the car swung around the curve, however, the rear end or overhang swung away from the track, and hit him on the leg, throwing him down and producing the injuries for which he sues. While it is a well-known physical fact that in rounding a curve the overhang of the ordinary car swings away from the track in the direction of the outside of the curve, yet it is equally well known that it does not and cannot swing very far.

The evidence in this case is that it swings out about 18 inches or 2 feet. It was also shown that the car was about 30 feet in length. The plaintiff's story, in effect, is that he was able to back away so as to get clear of the front of the car while it was going 10 or 12 feet; but that, although he kept backing all the time, he was not able to get back 2 feet further while the car was going about 30 feet. This story is too improbable to be believed, especially as his companion who reached the rail at the same time he did was able to back up sufficiently to clear the rear end of the car as well as the front. What undoubtedly happened was that plaintiff backed up as far as he thought necessary, and made a miscalculation. If this be the true state of facts, and it seems to be physically impossible that the plaintiff's story that he kept backing as fast as he could is true, the verdict and judgment cannot be sustained. Matulewicz v. Met. St. Ry. Co. (Sup.) 95 N. Y. Supp. 7; Kaufman v. Interurban St. Ry. Co., 43 Misc. Rep. 634, 88 N. Y. Supp. 382. There was some conflict of evidence whether or not the motorman rang his bell before starting. This, however, was unimportant, because the plaintiff testifies that he saw the car before it started.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.