BEECK v. CONEY ISLAND & B. R. CO.

(Supreme Court, Appellate Term. May 27, 1912.)

STREET RAILROADS (§ 98*)—INJURIES TO PERSONS NEAR TRACKS—CONTRIBUTORY NEGLIGENCE.

Where one took a position so near a street car track that the overhang of an approaching car struck her as it rounded a curve, she could not recover; the street railway not being guilty of negligence, and she being guilty of contributory negligence herself.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 204-208; Dec. Dig. § 98.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frances Beeck against the Coney Island & Brooklyn Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Dykman, Oeland & Kuhn, of Brooklyn (Edward D. Kelly, of Brooklyn, of counsel), for appellant.

Abraham B. Albert, of New York City, for respondent.

PER CURIAM. The plaintiff brought this action to recover for personal injuries occasioned by being struck by a car operated by the defendant under the following circumstances: The plaintiff was standing near the loop on the New York end of the Brooklyn Bridge. She was waiting for a Smith Street car, and she stood, as she testifies, about three feet from the track, when she was struck by the rear end of a De Kalb Avenue car as it came around the curve of the track. She says she saw the car as it came in from Brooklyn, and that it kept moving until it struck her. This was the substance of the testimony given on the part of plaintiff, and it was not disputed.

These facts do not show negligence on the part of the defendant, and do show contributory negligence on the part of the plaintiff. The plaintiff evidently took a position so near the track, while waiting for a car, that the overhang of the approaching car hit her as it rounded the curve. This case comes squarely within the rule laid down in Kaufman v. Interurban Street Ry. Co., 43 Misc. Rep. 634, 88 N. Y. Supp. 382, and Matulewicz v. Metropolitan Street Ry. Co., 107 App. Div. 230, 95 N. Y. Supp. 7. The judgment must therefore be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.